**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Bernhard Kühmstedt, an individual,<br><br>Plaintiff,<br><br>v.<br><br>Condé Nast Americas Holdings, Inc., d/b/a Glamour; and Does 1-10,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR**:<br><br>1.  COPYRIGHT INFRINGEMENT;<br><br>2.  VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT; and<br><br>3.  VIOLATION OF THE DMCA: 17 U.S.C. § 1202<br><br><u>JURY TRIAL DEMANDED</u> |

Plaintiff Bernhard Kühmstedt ("Kühmstedt"), by and through his undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

**JURISDICTION AND VENUE**

1.      This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2.      This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3.      Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

**PARTIES**

4.   Kühmstedt is an individual currently residing in Munich, Germany.

5.   Plaintiff is informed and believes and thereon alleges that Defendant Condé Nast Americas Holdings, Inc., d/b/a Glamour ("Glamour") is a Delaware corporation and maintains its primary place of business at 1 World Trade Center, New York, NY 10007.

6.    Plaintiff is informed and believes and thereon alleges that Defendants Does 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7.    Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO THE SUBJECT PHOTOGRAPH

8.    Kühmstedt created and owns the original photograph of Janet Jackson that was first published abroad (the "Subject Photograph"). Plaintiff is the sole owner of the exclusive rights to the Subject Photograph.

9.    The Subject Photograph is not a United States work within the meaning of 17 U.S.C., § 101.

10.    As a result of the foregoing, Plaintiff is exempt from the registration requirements set out at 17 U.S.C., § 411(a).

11.    Kühmstedt is informed and believes and thereon alleges that following his publication and display of the Subject Photograph, Defendants, and each of them used the Subject Photograph without Plaintiff's authorization for commercial purposes in various ways, including, but not limited to, the use on websites such as: https://www.glamour.com/story/the-perfect-woman ("Infringing Content").

2
COMPLAINT

12.     An image of the Subject Photograph and screen captures of Defendants' website featuring the Subject Photograph are set forth hereinbelow:

**<u>Subject Photograph</u>**



**<u>Nonexclusive Exemplar of Infringing Use</u>**



13.     Upon information and belief, Kühmstedt alleges that Defendants, and each of them, have willfully copied, reproduced, and distributed the Subject Photograph for commercial

benefit by, without limitation, reproducing the Subject Photograph online, including without

limitation at the website https://www.glamour.com.

14.     Plaintiff at no point authorized Defendants, or any of them, to use Subject

Photograph as complained of herein. A comparison of the Subject Photograph with the

Infringing Content reveals that the elements, composition, colors, arrangement, subject, lighting,

angle, and overall appearance of the images are identical or at least substantially similar.

15.     On October 11, 2022 Kühmstedt, through his attorneys, sent a letter to Glamour

notifying the Defendant of its infringing activity and demanding Glamour cease and desist all

infringing uses of Kühmstedt's copyrighted work. Glamour has failed to meaningfully respond,

necessitating this action.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against all Defendants, and Each)

16.     Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully

set forth, the allegations contained in the preceding paragraphs of this Complaint.

17.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of

them, infringed Plaintiff's copyright by creating an infringing and/or derivative work from the

Subject Photograph and by publishing the work which infringes the Subject Photograph to the

public, including without limitation, on and through their website(s).

18.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of

them, infringed Plaintiff's rights by copying the Subject Photograph without Plaintiff's

authorization or consent, creating unlawful derivative works from the Subject Photograph, and

removing attribution to Plaintiff from the Subject Photograph.

19.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of

them, had access to the Subject Photograph, including, without limitation, through viewing the

Subject Photograph on Plaintiff's website, publications, profiles, exhibitions and/or through

other authorized channels, over the internet, including without limitation as accessed via a search

engine, or through a third party source. Access is further evidenced by the exact reproduction of the Subject Photograph in the Infringing Content.

20.    Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

21.    Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photograph. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of his rights in the Subject Photograph in an amount to be established at trial.

22.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to further damages.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)

23.    Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

24.    Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Photograph as alleged hereinabove.

25.    Plaintiff is informed and believes and thereon alleges that Defendants, knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction publication, and distribution of the Subject Photograph as alleged hereinabove.

26.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the

infringing conduct. Specifically, each Defendant had the ability to oversee the development, publication, and distribution of the infringing imagery at issue. And, Defendants, and each of them, realized profits through their respective obtainment, distribution, and publication of the Infringing Content.

27.     By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to his business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

28.     Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photograph. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of his rights in the Subject Photograph, in an amount to be established at trial.

29.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to further damages.

### THIRD CLAIM FOR RELIEF

(For Violation of the DMCA: 17 U.S.C. § 1202 – Against all Defendants, and Each)

30.     Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

31.     The Subject Photograph was routinely published with attribution, credit, and other copyright management information identifying Kühmstedt as the author.

32.     Defendants, and each of them, violated Section 1202 of the Copyright Act by removing from the Subject Photograph any attribution or copyright management information that identifies Plaintiff as its author, and/or added false copyright management.

33.     Kühmstedt alleges on information and belief that Defendants, and each of them, distributed and published the Subject Photograph with the metadata copyright attributed to Condé Nast and removing Kühmstedt's attribution information, including without limitation his name and/or metadata.  Defendants, and each of them, violated Section 1202 of the Copyright Act by displaying, publishing, and distributing the Subject Photograph with attribution and copyright management information that identifies Condé Nast as the author of the Subject Photograph, as depicted below:



34.     The aforementioned facts constitute "copyright management information" as that phrase is defined in 17 U.S.C. § 1202(c) and is false.

35.     When Defendants distributed and published the Subject Photograph, they knowingly provided and/or distributed false copyright management information in violation of 17 U.S.C. §1202(a), and did so in order to induce, enable, facilitate, or conceal infringement.

36.     When Defendants published the Subject Photograph, they removed Plaintiff's copyright management information from the Subject Photograph and added their own, knowing or having reason to know that such removal would induce, enable, facilitate, or conceal and infringement in violation of 17 U.S.C. § 1202(b), as set forth above.

37.     As a result of the foregoing, Kühmstedt has been damaged and may recover those damages as well as Defendants' profits, and/or statutory damages, and attorneys' fees under 17 U.S.C. §1203.

## PRAYER FOR RELIEF

38.     Wherefore, Plaintiff prays for judgment as follow against all Defendants and with respect to each claim for relief:

a.  That Defendants, their affiliates, agents, and employees be enjoined from infringing Plaintiff's copyright in and to the Subject Photograph.

b.  That Plaintiff be awarded all profits of Defendants, and each, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages to the extent they are available under the Copyright Act, 17 U.S.C. § 505, 1203.

c.  That Plaintiff be awarded its costs and attorneys' fees to the extent they are available under the Copyright Act U.S.C. § 505, 1203;

d.  That a trust be entered over the Infringing Content, and all profits realized through the infringement;

e.  That Plaintiff be awarded pre-judgment interest as allowed by law;

f.  That Plaintiff be awarded the costs of this action; and

g.  That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

\\\
\\\
\\\
\\\
\\\

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: February 10, 2023

By: */s/ Scott Alan Burroughs*
Scott Alan Burroughs, Esq.
Laura M. Zaharia, Esq.
DONIGER / BURROUGHS
247 Water Street, First Floor
New York, New York 10038
(310) 590 – 1820
scott@donigerlawfirm.com
lzaharia@donigerlawfirm.com
Attorneys for Plaintiff
Bernhard Kühmstedt